J. PRYSE GOODWIN and CHARLES E. DANFORTH, Appellants,
v. THE ANSONIA, Respondent.

First Department, December 13, 1918.

Contract — agreement by public accountant to examine business methods of hotel by departments and recommend improvements — action under such agreement for compensation based upon profits resulting from the recommendations — inadequacy of verdict — when special verdict advisable.

Plaintiffs, one of them being a chartered public accountant, entered into a contract with the defendant, a lessee of a hotel, to examine into the business methods of the defendant's hotel by departments, for the purpose of placing each of them on a more profitable and efficient basis, and to report the result of their examinations with their recommendations for

improvements therein.   The recommendations were to be submitted to defendant, and the result of the examinations discussed by plaintiffs, but there was no requirement that defendant should accept any of the recommendations or introduce any new methods suggested by the plaintiffs.   The plaintiffs were to receive as compensation a percentage of the improvements shown in each department during the twelve months succeeding the adoption of their report, and the installation of their recommendations, which improvement was to be ascertained monthly by departments, by comparing the result of each month with the result for the same month of the preceding year.

*Held,* under all the evidence, that a judgment for the plaintiffs should be reversed and a motion for a new trial upon the ground of the inadequacy of the verdict granted.

In view of the fact that the testimony upon the controverted question of whether or not the defendant accepted and put into effect plaintiffs' recommendations varies as to each of the four departments in question, a special verdict should be taken upon a new trial as to whether the defendant accepted the plaintiffs' recommendations as to each department.

APPEAL by the plaintiffs, J. Pryse Goodwin and another, from a judgment of the Supreme Court in their favor, entered in the office of the clerk of the county of New York on the 7th day of March, 1918, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the same day denying plaintiffs' motion for a new trial made upon the minutes.

*John Willett,* for the appellants.

*Bernard Naumburg,* for the respondent.

DOWLING, J.:

The plaintiff Goodwin is a chartered public accountant. The defendant is the lessee of the Hotel Ansonia, in the borough of Manhattan, city of New York.   On January 22, 1915, plaintiffs, as joint-adventurers, and the defendant are alleged to have entered into a contract by which plaintiffs were to examine into the business methods of the defendant's hotel, by departments, for the purpose of placing each of them on a more profitable and efficient basis, and to report the result of their examinations, with their recommendations for improvements therein.   The defendant employed the plaintiffs to do such work and agreed to allow them access at all times to all the departments and records of defendant's business, together with the right to supervise the installation of the recommendations.   The defendant agreed to submit

First Department, December, 1918.          [Vol. 185.

figures. required for the monthly statements in each department and to give plaintiffs the co-operation and assistance of its officers and staff. The defendant agreed that the plaintiffs should receive each month, as and for their compensation, twenty-five per cent of the improvement shown in each department during each of the twelve months succeeding the adoption of plaintiffs' report and the installation of their recommendations, which improvement was to be ascertained monthly by departments by comparing the result of each month with the result for the same month of the preceding year, ascertained on the same basis. The terms of the contract between the parties are undisputed and are evidenced in writing. Plaintiffs' contention is that they entered upon the discharge of their contract; that they made the examination required thereby of four departments of defendant's business, namely, the restaurant, engineering, laundry and housekeeping departments, as required by the contract; and that on or about March 30, 1915, they made and submitted to defendant a complete and exhaustive report in writing on the business and methods of the restaurant and engineering departments of defendant's business, with recommendations thereon which were duly accepted, installed and put in operation by defendant on April 1, 1915. It is further alleged that on May 8, 1915, plaintiffs made a similar report on the business and methods of the laundry department of the hotel, with recommendations which were accepted and put in operation by the defendant June 1, 1915; and that on May 24, 1915, plaintiffs made a similar report on the business and methods of the housekeeping department of the hotel, with recommendations which were accepted and put in operation by defendant on June 1, 1915. It is alleged that the defendant has realized large profits, economies and improvements in each of the departments examined by the plaintiffs, and that plaintiffs are entitled to an amount exceeding $15,000 as their percentage thereon, but that the defendant has refused to pay any part thereof.

There is no doubt from the record that the plaintiffs did in fact enter upon the performance of this contract, that they made the examinations required thereby as to the four departments in question and that they submitted recommendations

by which the plaintiffs claimed that economies could be effected and larger profits made, while improving the service and raising the standards of defendant's business. Under the contract between the parties, the recommendations were to be submitted to defendant by the plaintiffs and the result of the examinations discussed by them, but there was no requirement that defendant should accept any of the recommendations or introduce any new methods suggested by the plaintiffs. Plaintiffs took the risk that the defendant might refuse to accept or install any of the recommendations made by plaintiffs, in which case the latter would have been entitled to no compensation. The only protection afforded by the contract was, that if the defendant did adopt any or all of the plaintiffs' recommendations they would be installed under the instruction, direction and supervision of the latter. Thus they would be insured a fair trial of whatever changes they suggested which were accepted by defendant and would have been given a chance to see that they were so carried out as to earn plaintiffs some return for their labor. That the examinations were made and that they resulted in recommendations is clearly established. The importance of these recommendations is disputed by the defendant, as well as the adoption by it of many of the improvements recommended. In fact, defendant seeks to minimize the importance of any of the recommendations submitted, claiming that they refer only to trivial and slight changes which could have produced no marked effect on its business. Plaintiffs' testimony, on the other hand, tends to show that the defendant accepted important and far-reaching recommendations made by them, which had a decidedly beneficial effect on defendant's business.

The case was submitted to the jury in a charge to which no exception was taken, by which the trial court instructed the jury that the plaintiffs must not merely prove that they made suggestions or recommendations which were a performance of their duty under the contract, but that those suggestions were adopted and put into effect by the defendant and that a reduction in cost of operation or enhancement in profit in specific departments in which those recommendations were put into effect resulted therefrom. And the court again charged that the plaintiffs must not merely have per-

First Department, December, 1918.          [Vol. 185.

formed the work imposed upon them by the contract, but that their recommendations must have been adopted by the defendant and that they must have resulted directly in a saving in cost or enhancement in profits. While this imposed upon the plaintiffs a burden greater than the contract called for, the jury nevertheless found in their favor and necessarily determined thereby not merely that the plaintiffs had made the required investigation but that they had submitted recommendations as to one or more of these departments which had been adopted by defendant and which had directly resulted in decreasing the expenses or increasing the profit based upon the comparison which the contract provided for, with the returns of the same period of the preceding year. Despite this, the jury found a verdict in favor of the plaintiffs in the sum of $1,000, and from the judgment entered upon this verdict and from the denial of their motion to set aside the same as inadequate, the plaintiffs now appeal.

I am of the opinion that it is impossible to sustain this recovery, having in mind the facts which were required to be found by the jury before it could have awarded any amount whatever to the plaintiffs. There were four departments in controversy and the testimony as to the adoption or rejection of the recommendations in each department varied, the conditions being different in each case. The lowest improvement shown in any one department was in the laundry department, and upon the undisputed figures taken from defendant's books the amount which plaintiffs would have been entitled to recover if their suggestions had been adopted in that department would have been $451.25, with interest amounting to $59.17, or a total of $510.42. This of course would have been less than the amount of the recovery, which would have been excessive if based solely on this department, but that would furnish no ground for reversal as the defendant does not appeal. But in view of the general verdict of the jury there is no way in which we can determine that the jury found in favor of the plaintiffs as to this department alone, and the fact that the recovery is double the amount which could possibly be allowed for services as to this department negatives any claim that the jury limited plaintiffs' recovery to this one department. This being the case it is obvious

that in whichever other department the jury found plaintiffs' recommendations had been adopted and they, therefore, were entitled to recover upon the finding, would lead to a result making the recovery inadequate. Thus the next department in size was the engineering department, where plaintiffs, according to their claim based on defendant's figures, would be entitled to recover the sum of $2,027.50 with interest; then follows the restaurant department wherein plaintiffs upon the figures of defendant's comparative business would be entitled, if at all, to a percentage aggregating $4,260; and finally the housekeeping department wherein plaintiffs' percentage computed under the contract would amount to $10,775. It is plain that if the jury deemed, under the rules of law laid down by the court, that plaintiffs were entitled to recover at all, the amount which was awarded them was entirely inadequate. The basic facts required to be found by them to entitle plaintiffs to recover having once been determined in plaintiffs' favor, the amount to which plaintiffs were entitled became under the contract a matter of mathematical computation only.

It follows that the judgment and order appealed from must be reversed, and the motion for a new trial upon the ground of the inadequacy of the verdict granted, with costs to the appellants to abide the event.

In view of the fact that the testimony upon the controverted question of whether or not the defendant accepted and put into effect plaintiffs' recommendations varies to a considerable extent as to each of the four departments in question, it would be advisable upon a new trial that a special verdict of the jury be taken upon the question of whether the defendant accepted the plaintiffs' recommendations as to each of the four departments, so that if the case should again be presented for review upon appeal the record may be examined with a view to determining the propriety of a recovery (if any) based upon the established facts as to each particular department.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event.