■ UNION STRUCTURAL ERECTORS, INC., Appellant, v POSLAU JOINT VENTURE et al., Respondents. [651 NYS2d 189] —In an action, *inter alia*, to recover damages for goods sold and delivered and based upon a claim of quantum meruit, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated December 5, 1995, which denied its motion for partial summary judgment and, upon searching the record, granted summary judgment in favor of the defendants dismissing the complaint.

Ordered that the order is affirmed, with costs.

In July 1992 the respondent Poslau Joint Venture (hereinafter Poslau), the general contractor on a public works project for the defendant New York State Department of Transportation (hereinafter the DOT), entered into a subcontract with the plaintiff for the performance of portions of the general contract. In July 1993 the DOT ordered the plaintiff off the project. In 1994 the plaintiff commenced the instant action seeking to foreclose on a mechanic's lien, and also, *inter alia*, seeking damages for goods sold and delivered, and to recover damages based on a theory of quantum meruit. The plaintiff moved, *inter alia*, for summary judgment against Poslau on its causes of action to recover damages for goods sold and delivered and based on a theory of quantum meruit, claiming that after it had ceased to perform on the contract, Poslau nevertheless agreed to pay it $94,362.25. The court denied the plaintiff's motion, and, upon searching the record, granted summary judgment dismissing the entire complaint, including the cause of action seeking to foreclose upon the mechanic's lien. The plaintiff appeals and we affirm.

Contrary to the plaintiff's contention, there is no issue of fact as to the agreement between the parties. The writings offered by the plaintiff on its claim that Poslau agreed to pay it after it stopped working—one of which was neither signed by Poslau nor sent to the plaintiff—did not indicate any renegotiation of the parties' subcontract on the public works project. Specifically missing is any indication of Poslau's then present

intent to be bound (*see, Central Fed. Sav. v National Westminster Bank*, 176 AD2d 131). Nor was it improper for the court to dismiss the plaintiff's quantum meruit claim where there was an express agreement between the parties as to the subject matter of the claim, and the plaintiff failed to prove a superseding agreement (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). The court correctly determined, upon searching the record (*see*, CPLR 3212 [b]), that the defendants were entitled to summary judgment dismissing the complaint. Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.