■ FUND TECH, INC., Appellant, v TERENCE CARDINAL COOKE HEALTH CARE CENTER, Respondent. [725 NYS2d 861] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Carter, J.), dated September 24, 1999, which denied its motion for partial summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The parties entered into a contract drafted by the plaintiff, which authorized the plaintiff to identify and prepare rate appeals on behalf of the defendant. The appeals were to be submitted to a State agency for the purpose of seeking additional reimbursements for services rendered. All materials prepared were to be approved by the defendant before submission, and the plaintiff was to be compensated by a contingency fee based on a percentage of the additional reimbursements awarded on the appeals. However, after the plaintiff prepared the appeals, the defendant did not approve those materials and hired an independent accounting firm to prepare the appeals instead.

The Supreme Court properly found that the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. Moreover, the Supreme Court properly found that, in opposition to the defendant's prima facie showing of its entitlement to summary judgment dismissing the complaint, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention that the defendant unreasonably refused to pay it, the contract provided that the plaintiff's materials were subject to the defendant's approval, and that the plaintiff was only entitled to a contingency fee. Therefore, under the terms of the contract as drafted by the plaintiff, the plaintiff was not entitled to be compensated (*see, Goodwin v Ansonia,* 185 App Div 360). Further, since the parties' rights were defined in a written agreement, the plaintiff was not entitled to compensation based on a theory of quantum meruit (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382; *Union Structural Erectors v Poslau Joint Venture,* 234 AD2d 536).

Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.